**YI FENG YUAN–PAN, Petitioner,**

v.

**Peter D. KEISLER,[1] U.S. Attorney General, Respondent.**

No. 07–0622–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

Yee Ling Poon (Robert Duk–Hwan Kim on the brief), New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Radford, Assistant Director, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Feng Yuan–Pan, a native and citizen of China, seeks review of the January 25, 2007 order of the BIA affirming the June 17, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yifeng Yuan–Pan,* No. A98 354 180 (B.I.A. Jan. 25, 2007), *aff'g* No. A98 354 180 (Immig. Ct. N.Y. City, June 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc* ).

■ We identify no error in the agency's conclusion that, even assuming Yuan–Pan's credibility, he has not established eligibility for the relief he seeks. Pursuant to our recent decision in *Shi Liang Lin,* Yuan–Pan is not *per se* eligible for relief on account of the forced abortion of the woman he considers his wife. *See* 494 F.3d at 309. Nor has Yuan–Pan demonstrated "other resistance" to a coercive population control program, because residing with and impregnating his fiancée does not alone constitute such resistance. *See id.* at 313.

■ Yuan–Pan also challenges the IJ's finding that he "ha[d] no basis to claim ... a well-founded fear of persecution in China based on the coercive family planning policy[.]" Yuan–Pan claims to fear that he will be sterilized if he and his fiancée have more than one child, as is their wish. However, he has not demonstrated that someone in his current circumstances— unmarried with no children—faces the possibility of sterilization in China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Indeed, on this point Yuan–Pan's claim is "speculative at best." *Id.* at 129.

Because Yuan–Pan was unable to show the objective likelihood of persecution needed to support an asylum claim, he was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71 (2d Cir.2004).

Yuan–Pan bases his claim for CAT relief entirely on his alleged illegal departure from China. However, as the IJ found, Yuan–Pan testified that he left China using his own passport and with permission. Yuan–Pan has not demonstrated that someone in these circumstances would more likely than not be tortured upon return. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).